UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY RUTKOVITZ,

    Plaintiff,

-vs-

SIRIUS XM RADIO, INC.,
a foreign corporation,

    Defendants.
_____/

CASE NO.: 6:16-cv-450-orl

Jury Trial Demanded

## COMPLAINT

Plaintiff, MARY RUTKOVITZ (hereafter, "Plaintiff"), sues the Defendant, SIRIUS XM HOLDINGS, INC. (hereafter, SIRIUS), and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of 47 U.S.C. §227, *et seq.*, the Telephone Consumer Protection Act of 1991(hereafter "TCPA"), and the regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a), Florida Statutes.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4. The alleged violations described herein occurred in Orlando, Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is

the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orlando, Orange County, Florida.

6. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the "called party" and recipient of the calls at issue in this action, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15-72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

7. At all times material hereto, Defendant SIRIUS is and was a foreign corporation organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

8. At all times material hereto, Defendant SIRIUS purported to operate as a corporation that offers a subscription based satellite radio service (Sirius XM satellite radio) that broadcasts commercial free radio channels to consumers.

9. Defendant SIRIUS is not a tax exempt nonprofit organization

10. At all times material hereto, Defendant SIRIUS engaged in the business of providing subscription based satellite radio services and/or products. In this matter, SIRIUS engaged in marketing and solicitation of its services and/or products, including by placing voluminous outbound solicitation calls to residents of Florida, such as Plaintiff, using an automated telephone dialing system and/or a prerecorded or artificial voice.

11. Accordingly, Defendant SIRIUS is a "seller" as that term is defined by 47 C.F.R. § 64.1200(f)(9).

12. On or about February 1, 2014, Plaintiff purchased a 2011 BMW 324I. The vehicle Plaintiff purchased was equipped with a SIRIUS radio receiver as a standard feature, which included a free ninety (90) day trial subscription to SIRIUS'S satellite radio service (hereafter, the "Trial Subscription"). Plaintiff did not request the Trial Subscription.

13. Once the Trial Subscription expired, Plaintiff did not contact Defendant SIRIUS to subscribe to SIRIUS' satellite radio service.

14. In or about October of 2014, SIRIUS began placing autodialed telephone calls to Plaintiff on her aforementioned cellular telephone number for the purpose of soliciting the purchase of a subscription to its satellite radio services and/or products by the Plaintiff for the financial benefit of SIRIUS. Accordingly, the calls constitute "telephone solicitation" as defined by the TCPA and its Rules and Regulations, 47 U.S.C. §227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

15. Upon answering several of these solicitation calls from SIRIUS, Plaintiff informed SIRIUS' representatives that she was not interested in purchasing a subscription to satellite radio services and instructed the representatives to stop calling.

16. Despite Plaintiff repeatedly instructing SIRIUS stop placing calls to her aforementioned cellular telephone number, SIRIUS disregarded Plaintiff's request and continued undeterred in its campaign of placing unwanted telephone solicitation calls to Plaintiff's cellular telephone number.

17. Plaintiff utilizes her cellular telephone both as part of her job, as well as outside of work in her personal life. As such, Plaintiff's cellular telephone is with her at all times.

Defendant's harassing and intrusive telephone solicitation campaign often disturbed Plaintiff at work and intruded upon Plaintiff's personal life, and constituted an invasion of Plaintiff's privacy.

18. The telephone calls at issue were placed by Defendant SIRIUS using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer"), and/or a prerecorded or artificial voice.

19. That Defendant SIRIUS used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system. Additionally, several of the calls transmitted a prerecorded and/or artificial voice message, as evidenced by the fact that each of the prerecorded messages involved the same voice and delivered the same scripted message.

20. In placing the above described telephone solicitation calls to Plaintiff, Defendant SIRIUS acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable Rules and Regulations, 47 C.F.R. § 64.1200(f)(11)-(12).

21. To date, Defendant SIRIUS has placed in excess of sixty (60) such telephone solicitation calls to Plaintiff's aforementioned cellular telephone number using an autodialer and/or prerecorded or artificial voice (or such number as will be identified during discovery).

22. Moreover, SIRIUS' intrusive and harassing telephone solicitation campaign involved the placement of the above described telemarketing calls to Plaintiff's cellular telephone number and leaving voice messages on Plaintiff's voice mail.

23. Defendant SIRIUS has a corporate policy of using an automatic telephone dialing system and/or a prerecorded or artificial voice message to solicit the sale of its satellite radio services to individuals such as Plaintiff.

24. Defendant SIRIUS willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. Defendant SIRIUS followed its corporate policy when attempting to communicate with the Plaintiff.

26. Defendant SIRIUS has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

27. Defendant SIRIUS knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up its autodialer in a manner which makes it virtually impossible for the automated calls to stop.

## COUNT I - VIOLATION OF THE TCPA AGAINST SIRIUS

28. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

29. None of the calls at issue were placed by Defendant SIRIUS to Plaintiff's cellular telephone number with the "prior express written consent" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(2), and defined by 47 U.S.C. § 64.1200(f)(8).

30. Furthermore, none of the calls at issue were placed by Defendant SIRIUS to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

31. Defendant SIRIUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's "prior express written consent," and after Plaintiff instructed SIRIUS to cease calling, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii), (2) and 47 U.S.C. § 64.1200(a)(1)-(2).

32. Defendant SIRIUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by initiating in excess of sixty (60) telephone solicitation calls within a 12-month period to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express written consent, in violation of the TCPA's Regulations, 47 U.S.C. § 64.1200(a)(2) and (3).

33. Defendant SIRIUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by leaving artificial or prerecorded voice messages on Plaintiff's voice mail, failing to disclose the name under which it is registered to conduct business with the Florida Department of State or other State Corporation Commission, in violation of 47 C.F.R. § 64.1200(b)(1).

34. The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3) and 47 U.S.C. § 227(c)(5), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant 47 C.F.R. § 64.1200(b)(1). for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

### COUNT II – ATTORNEYS' FEES DEMAND
### PURSUANT TO SECTION 501.059, FLORIDA STATUTES AGAINST SIRIUS

35. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein. Plaintiff further incorporates each allegation of Counts I and II as if fully set forth herein.

36. Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

37. Defendant SIRIUS is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

38. The phone calls placed by Defendant SIRIUS to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

39. The conduct giving rise to Plaintiff's claims against Defendant SIRIUS for violation of the TCPA, as set forth in Count I also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to, the following:

a. The above described calls placed by Defendant SIRIUS to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, SIRIUS did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by SIRIUS to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

b.  Defendant SIRIUS willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular telephone number that failed to disclose Defendant's identity as required under Florida law.

c.  Defendant SIRIUS willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number using an automated telephone dialing system when the connection to Plaintiff's cellular telephone number was completed.

40.  Section 501.059(10)(a) provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover her reasonable attorneys' fees and costs.

41.  Count I of this Complaint alleging violations of the TCPA by Defendant SIRIUS, as incorporated herein, constitute "civil litigation resulting from a transaction involving" conduct that violates section 501.059, Florida Statutes, as set forth above.

42.  Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendant SIRIUS for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920

David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
v.marrero@maneygordon.com
Counsel for Plaintiff